# DECEMBER 4, 1935

### EARL BRYANT V. THE STATE.

No. 17756.   Delivered November 13, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*Eddie Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

Appellant complains of the refusal of six special charges, each of which has been considered. Three of said charges were given, and the remaining three, we are of opinion, were properly refused. There is but one bill of exceptions which complains of the refusal of the court to instruct a verdict of not

guilty, the motion bringing forward appellant's complaint of the testimony because it did not show the use of any assault or violence to the alleged injured party; and because a slot machine is a gambling device, the taking of which can not be robbery because of the fact that same can not be lawfully held as property. We are not in agreement with appellant upon either proposition. The proprietor of the cafe in which the slot machine in question was located, testified that it cost him $250.00. We are cited to no authority and know of none which lays down the rule that the article taken must be legally possessed by the alleged owner. As far as may be necessary to a decision of this case, the contrary seems to be the rule. In Corpus Juris, vol. 36, at p. 747, appears the statement: "If an article has intrinsic value, the fact that its possession by the person from whom it was stolen is unlawful as contravening the prohibition of some statute, as for example gambling implements, or narcotics, etc., or was illegally in the place from which it was taken, or was purchased by the owner for an illegal purpose, or was money acquired by the illegal sale of intoxicating liquors, does not prevent the stealing of it being larceny; nor is it a defense that such an article has no market value at the place where it was stolen by reason of the fact that its sale in such place is unlawful."

Supporting the above text, Smith v. State, 187 Ind., 253, and Bales v. State, 3 W. Va., 685, are cited. In Arner v. State, 197 Pac., 710, the Criminal Court of Appeals of Oklahoma held that a provision of a statute, in substance, that there shall be no property rights of any kind whatsoever in any liquors or implements, kept or used for the purpose of violating any provision of the statute, does not alter the inherent character of such articles as personal property, or change the rule that their theft is larceny. We recognize the fact that in some jurisdictions there are holdings to the contrary, but in others it is said that while such articles may be seized by the government when kept in violation of the act, and their use or possession is made penal, yet as between private individuals the owner has a property in them, and they are still the subject of theft. See Hoback v. U. S., 284 Fed., 529; People v. Wilson, 298 Ill., 257; People v. Otis, 235 N. Y., 421; State v. Schoonover, 122 Wash., 562. We are of opinion that a private citizen who has without authority invaded the premises of another and taken therefrom any article belonging to such other person, without his consent and with intent to appropriate it to his own use and benefit, has small ground upon which to claim that the party in possession

can not legally hold or use same, and that therefore the taker may appropriate same to his own use and benefit.

Upon the other point, we note from the record that when appellant and his companions entered the place and seized the slot machine, which was lawfully in possession of Mr. Owens, the alleged owner, Owens asked appellant what he was doing, and, getting no answer, started toward appellant, and one of those acting with appellant said to Owens: "That is all right, you keep your mouth shut and be still." Owens testified that when he started toward appellant the other party put his hand inside his coat and told witness that what appellant was doing was all right, and for witness to keep his mouth shut and be still. Owens said: "I did fear for my life. * * * I felt like he would harm me if I tried to do anything about it. I felt like it wouldn't be safe to try to do anything, is why I didn't try to keep them from taking the machines." Appellant and two others were acting together in the taking of the slot machine. There was money in said machine. They were carried away from the place where they were located by appellant and the other parties. Questioned by the court, Mr. Owens said: "I was afraid if I tried to do anything they would injure me. Well, it was my opinion that he did have a gun and would do something to me." We think this action of one of appellant's companions had the effect of producing upon Owens such fear of injury as to bring the situation entirely within the comprehension of the statute against robbery, and that the court did not err in refusing appellant's motion for an instructed verdict.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—In the motion for rehearing appellant reiterates the contention made upon the original submission that the offense proved was not robbery but theft or some lower grade of larceny. The ruling and citation of authorities in the original opinion are regarded as an appropriate answer to the contention. However, in addition to the authorities there presented, the text and precedents cited in Tex. Jur., Vol. 37, p. 8, sec. 5, are regarded as supporting the decision of this court on the original hearing. See, also, Ruling Case Law, Vol. 17, p. 19, sec. 20.

The motion for rehearing is overruled.

*Overruled.*