HERMAN SIGLER V. THE STATE.

No. 18547. Delivered November 12, 1936.

300

The opinion states the case.

*W. Glenn Polk*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft of a slot machine; penalty assessed at confinement in the penitentiary for two years.

Logan Craft, the alleged injured party, testified that he was engaged in conducting a filling station; that about 12:15 o'clock at night, the appellant, in company with Mike Hargrove, Allie Patton and Jelly Robertson, came to the filling station and asked the witness if he had any whisky. Craft replied that he had none and the men drove away in their car but returned about two hours later. Patton remained in the car and kept the motor running. Appellant and Robertson walked up in front of Craft, who was sitting behind a stove, while Hargrove took the slot machine from off a shelf and put it in the car. The men then departed in the car and took the slot machine with them. Craft testified that he did not give his consent to the taking of the slot machine; that he never moved from behind the stove because he was afraid that he would be assaulted if he offered any resistance; that he was in fear of his life.

The State's testimony is sufficient to show that the slot machine was worth about $85.00. The court instructed the jury that unless they found the property to be of the value of fifty dollars or more the appellant could not be convicted of a felony. The verdict of the jury convicting the appellant was approved by the trial judge, and no exceptions or objections were presented to the charge of the court.

Bill of Exception No. 1 complains of the testimony of an expert with reference to the value of the slot machine. However, this witness testified on direct examination that the value of the machine was about $85.00. The owner of the slot machine testified that he paid $90.00 for it and that the machine

had been in operation for about three months during the time he owned it.

According to Bill of Exception No. 2, there were two attorneys for the State who addressed the jury. Exception was taken to the remarks of each of them. As stated in the bill, one of the attorneys used the following language: "Defendant, Herman Sigler, is a thieving reprobate." The other attorney made the following remark: "This is just a plain case of hijacking." We understand that "thieving" and "hi-jacking" mean substantially the same thing. The evidence before the court apparently characterized the act of the appellant and his companions which was under consideration. That four men, including the appellant, robbed the cutodian of the property is not a subject of controversy. The fact that counsel in argument characterized the appellant Sigler as a "thieving reprobate" and that the offense was "just a plain case of hi-jacking," caused no injury, especially in view of the fact that the remarks were withdrawn from the consideration of the jury. When considered in the light of the evidence and the court's qualification thereof, the bill of exception is not regarded as one demanding a reversal of the judgment.

The testimony as to the identity of the appellant as the offender in the commission of the offense is so clearly made that we pretermit discussing of the complaint of the sufficiency of the evidence, as presented in Bill of Exception No. 3.

It appears from Bill No. 4 that a witness testified as to the current value of the slot machine in question. Appellant's counsel insists that the testimony should have been modified or limited to the intrinsic worth of the slot machine as a pleasure device, without gambling on it. In qualifying the bill the trial court states that the witness did not qualify as to the value of the slot machine as a gambling device and was not asked as to the value of same as a gambling device. In overruling the objection, we think the court was not in error.

When considering the testimony adduced upon the trial, we think there is no merit of the complaint made in Bill No. 5 that the jury was in error in concluding that the value of the stolen property was more than fifty dollars.

Bill of Exception No. 6 complains of the refusal of evidence proffered by the appellant tending to show the practice of the justice of the peace in dealing with slot machines which had been confiscated. The evidence offered would have shown that it was the practice of the justice of the peace to permit persons to replevy slot machines upon the execution of a replevy

bond of less than fifty dollars. This testimony was properly excluded. In the present instance, the slot machine which was stolen was not contraband property, and the testimony adduced upon the trial discloses that its value was more than fifty dollars. In addition to the above, the suggestion is made in bill that in the adjourning counties slot machines had been confiscated and destroyed by the local peace officers and that there was no current market value or intrinsic value of same except for junk, either in those counties or in Kaufman County.

The law controlling the disposition of the present appeal is set forth in a comprehensive decision in the case of Bryant v. State, 87 S. W. (2d) 722, in which case the conclusions and authorities are in substance the same as those upon which the State relies in the instant case.

The judgment is affirmed.

*Affirmed.*