**Johnny Lee PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41816.**

Court of Criminal Appeals of Texas.

Jan. 22, 1969.

————◆————

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., Ken Blassingame, David Johnson, Kerry FitzGerald, Malcolm Dade and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, life.

Appellant's first ground of error is that he was deprived of his constitutional rights by the failure of the State to reveal to him the name of the informer who supplied the information leading to the arrest of appellant. There is no showing in the record that appellant gave a reason for or demonstrated any necessity which would have justified revealing the identity of the unnamed informer. Slaton v. State, Tex.Cr.App., 418 S.W.2d 508.

His second ground of error is that the evidence is insufficient to support the conviction. The injured party testified that on the night in question, he was accosted by appellant in a room that was "well lighted" so as to be able to distinguish one from five dollar bills; that appellant, at gunpoint, ordered him to surrender his wallet; and that after doing as directed, appellant lowered the mask he was wearing to peer into the wallet thus enabling the injured party to "get a good look at his face" so as to be able to recognize identifying facial characteristics of appellant.

Appellant did not testify but offered numerous witnesses, who testified that appellant and the injured party were not in the room where the robbery allegedly occurred, but were seen talking on a street corner at the time the robbery allegedly occurred.

The jury, as arbiter of the facts, resolved the issue against appellant, and we find the evidence to be sufficient to support the jury's decision.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.