James **HAMILTON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42006.

Court of Criminal Appeals of Texas.

April 2, 1969.

Cutler & Epps, by Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joe Maida, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, life.

■ Appellant's first ground of error is that the trial court erred in not quashing the enhancement paragraphs of the indictment. Following the jury verdict finding appellant guilty, the issue of punishment was submitted to the court pursuant to Art. 37.07, subd. 2(b), Vernon's Ann.C.C.P., and the State waived the enhancement paragraphs of the indictment. Since such paragraphs were not read to the jury, and therefore could not have prejudiced appellant as regards the jury's verdict, and since the punishment assessed by the court was not founded upon the enhancement paragraphs, the court's failure to grant appellant's motion to quash did not prejudicially harm appellant and does not call for reversal. Gill v. State, 151 Tex.Cr.R. 604, 210 S.W.2d 170.

Ground of error #1 is therefore overruled.

■ As his second ground of error, appellant complains of the court's failure to grant his motion for mistrial made when the State introduced certain evidence without first establishing the predicate for the admission of such evidence. The State withdrew the offer of such evidence when appellant objected, and the evidence was not admitted until after the proper predicate had been laid. Thus no error is perceived. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 445, and the cases cited therein.

■ Officer Stringfellow of the Houston Police Department testified that in response to confidential information he received he, in the company of Officer Alcorn, proceeded to a certain location in Houston where he observed the appellant standing in front of an automobile. Both officers testified that as they alighted from their unmarked car, appellant observed them and fled, dropping three green cellophane papers which were later found to contain heroin. The officers pursued appellant, apprehended him, and searched him. A search of his person revealed nothing incriminatory.

Appellant challenges the admissibility of the three cellophane papers and their contents on the ground that they were the fruits of an illegal search and seizure. The evidence was found lying on the ground where appellant dropped them in his flight, and not as the result of a search of appellant. Our holding in King v. State, Tex.Cr.App., 416 S.W.2d 823, (see also the cases cited therein) is dispositive of appellant's third ground of error which is accordingly overruled.

■ His fourth ground of error is that the court erred in sustaining objections to his questions propounded to Officer Stringfellow concerning the informant. No cases are cited in support of appellant's contention. There was no

showing that the informant was in any way connected with the commission of the offense which would authorize the type of inquiry appellant here attempted. Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, cert. den. 386 U.S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449; and see Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831; Porter v. State, Tex.Cr.App., 436 S. W.2d 159; and the cases collated at 39 Tex. Dig., Witnesses, ⊙⇒216.

Finding no reversible error, the judgment of the trial court is affirmed.