**Ronald Howard RINEHART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43450.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Chapman & Carrithers by Ronald W. Chapman, Houston (Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., being assessed at life.

The State's evidence reflects that on December 5, 1968, at approximately 8:15 p. m. the appellant, accompanied by another man and a woman, entered the Cellar Brothers Drive In grocery store at 1910 Broadway in the city of Houston and at gunpoint forced Miles C. Nye, the store manager, to give him $276 from the cash register. Anton Matejek, Jr., a store employee, and customers Raul Partida and Melvin Slates were also robbed. All four victims identified the appellant as one of the robbers.

The appellant did not testify or offer any evidence before the jury at the guilt stage of the bifurcated trial.

Initially, the appellant contends the court erred in failing to require him to be arraigned or a plea entered to the indictment before the jury.

The judgment contained in the record approved without objection shows that the

appellant "was arraigned" and "pleaded not guilty * * *" and that at the trial on the merits before the jury the indictment alleging the primary charge was read and a plea of not guilty was entered.

Further, Article 44.24, Vernon's Ann.C. C.P., provides that it shall be presumed on appeal that the defendant "was arraigned"; that "he pleaded to the indictment" "unless such matters were made an issue in the court below."

Under the circumstances presented, we perceive no merit in appellant's first ground of error.

■ Next, appellant urges the enhancement portion of the indictment was not read before the court at the penalty stage of the trial and the appellant did not enter a plea thereto and reversible error is reflected.

■ The docket sheet shows at the hearing on punishment before the court the appellant was "arraigned on the second offender count of the indictment"[1] and entered a plea of not guilty. See also Article 44.24, supra.

The second ground of error is without merit.

■ Appellant also advances the claim that the court erred in refusing to grant a motion for instructed verdict since "a material element of the indictment had not been proved." This claim is bottomed upon the fact the complaining witness Nye testified that while he had possession, custody and control of the money taken from the store he did not own the same. Such claim is without merit. Ownership of the property acquired by the robbery may be alleged in the person having the actual control, care and management of such property at the time of the robbery. 5 Branch's Ann.P.C., 2d ed., Sec. 25.85, p. 19.

Further, the complaining witness revealed the appellant had taken $5.00 of his personal money from his wallet during the course of the robbery.

No error is presented by appellant's third contention.

■ In grounds of error #4 and #5 appellant contends the court erred in permitting his in-court identification by the witnesses Nye, Matejek, Partida and Slates without first determining in the jury's absence whether such identification was tainted.

Just prior to appellant's in-court identification by Nye the record shows a conference at the bench out of the court reporter's hearing. The nature of any such objection is not revealed. Before the other witnesses made their identification the objection made was simply "on the Wade case." There was no request for a separate hearing as contemplated by Martinez v. State, Tex.Cr.App., 437 S.W.2d 842.

If it was appellant's contention that the in-court identification of these witnesses was tainted by improperly conducted lineups then he should have made that matter clearly known to the trial court. He does not even now claim the lineups were conducted in absence of counsel or in absence of an affirmative waiver of counsel or conducted in violation of due process requirements.

During the trial the appellant thoroughly interrogated each witness concerning his identification made at the lineup or lineups, and even called as a defense witness the police officer who conducted the lineups to attempt to impeach these witnesses concerning how positive they were of their identification of the appellant at the lineups. There was no showing or indication that the lineups were conducted in violation of United States v. Wade, 388 U.S. 218, 87

---

1. Again we call attention to the fact that an enhancement portion of an indictment is not a "count." Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192; Beck v. State, Tex.Cr.App., 420 S.W.2d 725; Steward v. State, Tex.Cr.App., 422 S.W. 2d 733; Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring opinion).

S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, or Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

All of the witnesses related they had a good view of the appellant while he was in the lighted store during the course of the robbery.

While we adhere to what we said in Martinez v. State, supra, we cannot conclude that any error as to identification was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 711; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. See also Herring v. State, Tex.Cr.App., 440 S.W.2d 649; Jones v. State, Tex.Cr.App., 458 S.W.2d 62.

■ In grounds of error #6 and #7 appellant contends the trial court erred in admitting at the penalty stage of the trial evidence concerning a "known set" of his fingerprints taken at "a critical and accusatory stage of the proceedings without the presence or advice of his court appointed counsel" which violated his privilege against self incrimination. Harrington v. State, Tex.Cr.App., 424 S.W.2d 237 and a host of other cases have been decided contrary to appellant's contention. See also De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Washington v. State, Tex.Cr. App., 434 S.W.2d 138; Johnson v. State Tex.Cr.App., 432 S.W.2d 98; Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Trammell v. State, Tex.Cr.App., 445 S.W.2d 190; Price v. State, Tex.Cr.App., 449 S.W. 2d 73; Tea v. State, Tex.Cr.App., 453 S.W. 2d 179.

■ In his ninth ground of error appellant urges the evidence was insufficient to prove that he was one and the same person previously convicted of burglary which conviction was alleged for enhancement under the provisions of Article 62, V.A.P.C. The indictment alleged that the appellant, "Ronald Howard Rinehart under the name of Ronald Rinehart," was convicted of bur-

glary on July 18, 1960, in Cause No. 89709 in the Criminal District Court No. 2 of Harris County (now the 176th District Court). To support this allegation the State introduced the indictment in said Cause No. 89709 and the authenticated copies of the records of the Texas Department of Corrections including the certified copies of the judgment and sentence, a mug shot, and a set of fingerprints. A fingerprint expert then testified that such prints matched and were identical with a known set of fingerprints recently taken from the appellant. This method of proof of prior conviction has been consistently upheld by this court. See 1 Branch's Ann. P.C., 2d ed., Sec. 699, p. 684; Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950; Vessels v. State, Tex.Cr.App., 432 S.W.2d 108.

■ It is appellant's contention that the indictment in the instant case reflects appellant's name to be Ronald Howard Rinehart, the prior conviction was in the name of Ronald Rinehart and the fingerprints from the prison packet were shown to be those of Ronald H. Rinehart. He claims this "is not a malady for which a dose of idem sonans is the proper cure. * * *" We do not agree with the contention urged.

■ Appellant also contends there was no proper predicate laid for the introduction of State's Exhibit No. 4 at the penalty stage of the trial. Said exhibit was the original waiver of the ten days preparation period entered in Cause No. 89709, 91901 and 91899 in the Criminal District Court No. 2 of Harris County in 1960 signed by the appellant and his then appointed counsel. Such exhibit was introduced after Billy Owens, the deputy district clerk, testified that the same was a part of the original records in said Cause No. 89709 which was in his care, custody and control. The testimony of the clerk and the introduction of such exhibit came only after the appellant testified that at the time of his prior convictions he had not been ad-

vised of his right to a ten day preparation period after the appointment of counsel.

The eighth ground of error is overruled.

■ We find no merit in appellant's final ground of error, urged without citation of authority, that the prior conviction alleged was not available for enhancement since at the time of his plea of guilty in such case he was not fully advised of his "rights." This claim is seemingly based on the appellant's own testimony that he did not intelligently waive the ten days preparation period. The records indicate the contrary. While the requirements of Article 26.04 (Article 494 in 1960), V.A.C.C.P., have been held to be mandatory and a failure to comply calling for reversal on direct appeal, it has also been held that in absence of a request for additional time or a showing of harm or injury an accused may not collaterally attack a prior conviction for non-compliance with such statute. Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666; Young v. State, Tex.Cr.App., 448 S.W.2d 484. No such request or harm has been shown.

The judgment is affirmed.

ODOM, J., not participating.