**Robert FREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43586.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied May 26, 1971.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and J. W. Doucette, Jr., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment was assessed by a jury at 12 years.

By his first ground of error, appellant challenges the sufficiency of the evidence to support the jury's verdict.

Robert Bray testified that on March 23, 1968, he was the owner of a coin-operated car wash at 2007 West Alabama, in Houston. He described this car wash as a metal building with four walls, the center section being a storeroom (with four walls and a roof) that houses the pumps and equipment. He stated that on March 22nd, at approximately 11:00 P.M., he picked up the money from the coin boxes and left six rolls of dimes ($30.00) and some keys locked up in the storeroom. He returned the next day at approximately 12:20 P.M. and discovered that the storeroom had been broken into and the dimes and keys were missing. The door to the storeroom had been "jimmied" and there were marks on it. He did not give the appellant or anyone else consent or permission to break into the storeroom and take his property.

Sue Bray, wife of Robert Bray, testified that she arrived at the car wash about 12:30 P.M., shortly after her husband arrived, and called the police who came out and took fingerprints off the money box inside the storeroom. A crowbar was found inside the shed.

Irene Crofton testified that she lived near the car wash and at about 3:30 A.M., on the date in question, she saw appellant beating on a coin box in the car wash with a crowbar; that she then "hollered out at him."

"Q. (By Prosecutor) What did you say to him?

"A. I asked him, 'What in the devil are you doing out there?'

"Q. What did he say?

"A. He said, 'What in the hell do you think I am doing.'"

She stated that he then picked up a little brown paper bag and put it underneath the car seat and "jumped in the car and left." She made positive identification of appellant.

Officer N. P. Foehner, a radio patrolman with the Houston Police Department, testified that he saw "entry marks" on the door of the storeroom; that he "lifted two partial prints" from the coin changer box inside the storeroom. Officer O. A. Malaer, a fingerprint classifier with the Houston Police Department, testified that he compared these prints to prints made by appellant and they were made by the same person.

The appellant did not testify.

The court charged the jury on the law of circumstantial evidence. The evidence was sufficient to support the jury's verdict. Torres v. State, Tex.Cr.App., 422 S.W.2d 741; Rodriguez v. State, Tex.Cr.App., 419 S.W.2d 372.

Appellant's first ground of error is overruled.

The second ground of error urged is that the court erred in admitting into evidence State's Exhibit Number 3 (Appellant's prior criminal record). The contention is that a portion thereof is fatally defective. The record reflects the following:

"Q. Your name is O. A. Malaer?

"A. Yes, sir.

"MR. BLAINE: I have no objection to this exhibit.

"THE COURT: What is the number of it?

"MR. DOUCETTE: State's Exhibit, 3, Your Honor.

"THE COURT: State's Exhibit 3 is admitted in evidence, ladies and gentlemen of the jury.

(State's Exhibit 3 was received into evidence by the Court and a copy thereof is attached hereto.—Reporter's Note.)"

Appellant waived objection to the exhibit and cannot now complain about the introduction thereof into evidence. Barnes v. State, Tex.Cr.App., 409 S.W.2d 849.

Ground of error number two is overruled.

■ Finally, appellant sets out as his grounds of error three and four general contentions that the trial court erred in overruling motion for new trial and refusing to allow supplemental motion for new trial to be filed, and further contends that he had previously been placed in jeopardy for the offense of theft arising out of the same facts as alleged in the instant burglary case. These grounds of error are unbriefed and the appellant has failed to point out in the record where he was harmed by any rulings of the trial court. Reference is made to: "Transcript, pages 177 through 199." He does not state where the record contains evidence of a prior trial of a theft case "arising out of the same facts." This is insufficient to preserve error under Art. 40.09(9) Vernon's Ann.C.C.P. In McElroy v. State, 455 S.W.2d 223, this court, speaking through Judge Onion, stated:

"This court should not be required to hunt through a voluminous record to find evidence which an appellant claims ought to have been limited by a jury instruction, and then speculate as to whether the evidence discovered, if any, is that referred to by the appellant."

See also Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; Huffman v. State, Tex.Cr. App., 450 S.W.2d 858; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Keel v. State, Tex.Cr.App., 434 S.W.2d 687.

Grounds of error three and four are overruled.

Finding no reversible error, the judgment is affirmed.