**Lynnwood GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44134.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Dec. 21, 1971.

Sylvain K. Lloyd, Houston (Court appointed), for appellant.

**214**

Carol S. Vance, Dist. Atty., James C. Brough and Al Thomas, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. Trial was before a jury, with punishment set by the court at life imprisonment.

Appellant was indicted for robbery by assault with a prior conviction alleged for enhancement. After he was found guilty of the offense, the court, on the State's motion, dismissed the enhancement portion of the indictment.

■ Appellant complains that the court erred in not granting his motion to quash the enhancement portion of the indictment. There is no showing in the record that the enhancement portion of the indictment was read to the jury, nor was the prior conviction mentioned in the presence of the jury during the "guilt or innocence" portion of the trial. Further, in assessing the punishment, the court did not base its decision upon the enhancement portion of the indictment, as it had then been dismissed.

We find no prejudicial harm to appellant. Hamilton v. State, 438 S.W.2d 814 (Tex.Cr.App.1969).

Appellant further complains that he was not allowed to have the jury assess his punishment. Art. 37.07(2) (b), Vernon's Ann.C.C.P., provides that the judge shall assess the punishment unless the defendant has elected in writing at the time he enters his plea in open court, to have the jury assess the punishment. If the jury returns a verdict of guilty, the defendant may change his election at that time, with the consent of the State.

■ In the instant case, no election was made at the time of entering the plea. After the verdict of guilty, appellant re-

quested permission to change his election, but the State would not consent and the court refused the request.

Appellant does not deny that the court's denial of his request was proper in light of Art. 37.07(2) (a). However, he contends that the result was unfair. He claims that he did not elect to have the jury assess his punishment at the time he entered his plea because he felt that to do so would be useless, in light of the enhancement allegations in the indictment. He claims that he felt that, if he had been found guilty, the punishment would have been automatic, and that nothing could have been gained by having the jury assess the punishment.

He claims that the State, by moving to dismiss the enhancement allegation of the indictment *after* the verdict was returned, unfairly induced him to fail to elect to have the jury assess his punishment. This procedure is in accord with Art. 37.07(2) (a). The statute provides a definite procedure which must be followed if a defendant desires to have the jury assess his punishment. The constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. Martin v. State, 452 S.W.2d 481 (Tex.Cr.App. 1970); Johnson v. State, 436 S.W.2d 906 (Tex.Cr.App.1968).

■ Appellant also alleges that the trial court improperly admitted evidence concerning a "slug" found in a mattress in the room where the complaining witness was taken by appellant after the robbery. The complaining witness testified that appellant robbed him and wounded him on the first floor of a club where he worked, then made him walk to the second floor, where he shot at him again, but missed. The State offered testimony of a ballistics expert that a "slug" which was found in a mattress on which the victim had been lying had been fired from the pistol which appellant had on his person at the time of his arrest. Appellant cites no reason or authorities in support of his contention. The contention is without merit.

Appellant also claims that the pistol was seized from him as the result of an illegal arrest. The arresting officer testified that he received a call which instructed him to go to a certain location in the city of Houston. When he arrived, he found a woman who claimed that she had been shot and raped. She described her attacker and said that he could be found across the street in a motel. She was bleeding from the wound at the time. The officer went immediately to the motel and arrested appellant. He found the pistol under the mattress where appellant was sleeping. Clearly, there existed probable cause for an arrest without warrant. Therefore, the arrest was legal and the fruits of the search incidental thereto are admissible. Newhouse v. State, 446 S.W. 2d 697 (Tex.Cr.App., 1969).

Appellant's fifth ground of error complains that, "Many hints and accusations were made and alluded to by the District Attorney and his witnesses as to collateral wrongs or crimes committed by this appellant." No reference is made to any part of the record, as required by Art. 40.-09, § 9, V.A.C.C.P. No authorities are cited. Nothing is presented for review. Art. 40.09, § 9, V.A.C.C.P.; e.g., Frey v. State, 466 S.W.2d 576 (Tex.Cr.App., 1971); Ballew v. State, 452 S.W.2d 460 (Tex.Cr.App. 1970).

Likewise, appellant's sixth ground of error is a rambling jumble of facts. Appellant states that he was without counsel prior to being bound over to the grand jury. He points out no specific error of which he complains. No error is presented for review. Frey v. State, supra; Ballew v. State, supra.

The appellant's brief does not comply with Article 40.09, § 9, V.A.C.C.P., which provides:

"* * * This brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. * * *"

However, in the interest of justice we have carefully read the record and considered all the grounds of error even though no authorities are cited.

There being no reversible error, the judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing appellant complains of the statement in this court's opinion on original submission which in disposing of his first contention stated, "Further, in assessing the punishment the court did not base its decision upon the enhancement portion of the indictment, as it had then been dismissed."

Appellant's first contention was that the court erred in overruling his motion to quash the enhancement portion of the indictment. It was his claim that he had not been represented by counsel at the time of the formal sentencing in the prior robbery conviction alleged. He offered proof in support of such motion. The motion was overruled. After the verdict of guilty and prior to the hearing on punishment before the court, the State waived and abandoned the enhancement paragraph of the indictment.

The State did, however, over objection, offer the prior robbery conviction as well as a felony conviction from the State of Michigan as appellant's "prior criminal record." See Article 37.07, V.A.C.C.P. Thereafter the court assessed punishment

at life imprisonment. It is for this reason appellant takes issue with the court's statement.

It should be remembered, however, that appellant's contention was that the court erred in overruling the motion to quash, not that the court erred in admitting the prior conviction at the penalty stage of the trial.

Further, appellant did not allege nor prove that at the time of the formal sentencing he was indigent and did not waive the right to counsel or was actually deprived of the right to counsel. He testified he had retained counsel at the time of the 1950 robbery trial but that when he was sentenced several days later counsel was not present. He notes the formal sentence was silent as to counsel. His primary allegation is that he was deprived of the right of appeal by the absence of counsel, a complaint he advances for the first time almost 18 years after the occurrence.

█ In light of the proof offered and the circumstances described, we remain convinced that the court did not err in overruling the motion to quash. Further, the court in assessing punishment did not utilize the provisions of Article 62, V.A.P. C. This was the basis of our statement in the opinion on original submission. We did not intend to leave the impression that the prior robbery conviction was not permitted into evidence or considered by the court at the penalty stage of the trial. In absence of the proof of indigency, lack of waiver, etc., the court did not err in permitting proof of such prior conviction at the penalty stage of the trial. Walling v. State, Tex.Cr.App., 437 S.W.2d 563; Martin v. State, Tex.Cr.App., 463 S.W.2d 449.

█ Appellant also complains of another statement in this court's opinion in disposing of his first contention to the effect, "There is no showing in the record that the enhancement portion of the indictment was read to the jury. . . ." He calls our attention to a numbered page in the

transcription of the court reporter's notes at the guilt stage of the trial which reflects:

"(Mr. Thomas reads the indictment)"

There was no objection or anything else to reflect that the prosecutor violated the provisions of Article 36.01, Sec. 1, V.A.C. C.P.

Appellant's motion for rehearing is overruled.