Wesley S. EMERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44597.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Pounds & King by Minor E. Pounds, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Richard Maxwell, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery. Trial was before a jury, with punishment assessed by the jury at imprisonment for life, a prior conviction having been alleged in the indictment for enhancement purposes.

Appellant asserts four grounds of error in his brief. In his first ground of error, he contends that Article 62, Vernon's Ann.P.C. is unconstitutional. He enumerates four reasons why he considers the statute to be unconstitutional. We shall consider each reason separately.

First, appellant contends that since the statute prescribes a fixed penalty, upon a finding of the fact of prior conviction, that it deprives him of the right to have the jury assess his punishment. This contention is without merit. The constitutional right to trial by jury does not encompass the right to have the jury assess the punishment. Green v. State, 474 S.W. 2d 212 (Tex.Cr.App.1971); Martin v. State, 452 S.W.2d 481 (Tex.Cr.App.1970); Johnson v. State, 436 S.W.2d 906 (Tex.Cr. App.1968).

Secondly, appellant contends that Article 62 "is unconstitutional for the reason that the same is a violation of Defendant's constitutionally guaranteed right of due process of the law." No other explanation of this ground of error appears in the brief. We are unable to ascertain appellant's complaint. This contention does not comply with Art. 40.09, § 9, Vernon's Ann.C.C.P., and will not be considered by this Court.

Thirdly, appellant contends that Article 62 authorizes cruel and unusual punishment. This argument has been answered against appellant's contention in Cherry v. State, 447 S.W.2d 154 (Tex.Cr. App.1969). Also see Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. The contention is overruled.

Appellant's fourth reason states: "The above referred to Article is unconstitutional both as to its writing and as to the application of the same to this Defendant in that the same deprives the Defendant of his constitutionally guaranteed equal protection under law." No further explanation is found in the brief. Again, we are unable to ascertain his complaint. The contention will not be considered. Art. 40.09, § 9, V.A.C.C.P.

Appellant asserts in his second ground of error that the evidence was insufficient to support the verdict. The evidence reflects that appellant and another man, Bridges, entered a supermarket in Lubbock. Bridges proceeded to rob the manager, in the office of the store, at gunpoint. Bridges then approached the cash register where the complaining witness, David Chapman, was working. At this time, Chapman saw what he thought was the butt of a gun in Bridges' hand. Chapman then saw appellant, standing nearby with his hand placed in the pocket of a "coat-type" sweater he was wearing. There was a bulge in the sweater. Appellant told Chapman to "Get a sack and fill it up." Chapman complied, taking the money from the cash register and putting it in a sack. Appellant and Bridges then left the store, taking Brewer, the assistant manager, with them. Brewer was released shortly after leaving, and returned immediately to the store, where the police were called. Chapman testified that he was frightened.

Appellant contends that since the indictment alleged an assault, the proof is deficient. Appellant's action in placing his hand in his pocket and the bulge in the sweater, coupled with his command to fill

the sack with money was sufficient to constitute an assault. Anderson v. State, 153 Tex.Cr.R. 501, 221 S.W.2d 268 (1949).

Appellant also contends that there was no evidence that Chapman was placed in fear for his life or of bodily injury. Chapman testified that he was afaid. Appellant's act was sufficient to produce this fear. Cranford v. State, 377 S.W.2d 957 (Tex.Cr.App.1964); Bryant v. State, 129 Tex.Cr.R. 438, 87 S.W.2d 722 (1935).

■ Appellant maintains that since the indictment alleged "and by violence to the said David Chapman" the proof is deficient in that there was no evidence of violence to David Chapman. This contention is without merit. If any one of the three elements of robbery (assault, violence, or putting in fear, Art. 1408, V.A.P.C.) is indicated by the evidence, the evidence is sufficient to support the verdict, even though all three elements were alleged in the indictment. Cain v. State, 136 Tex.Cr. R. 275, 124 S.W.2d 991 (1938). In this case, an assault and putting in fear have been shown. Therefore, we need not discuss whether violence has been shown, although it would appear that it has. *See* Mauldin v. State, 463 S.W.2d 10 (Tex.Cr. App.1971).

■ Appellant also contends that the evidence is insufficient to show that the money taken was the corporeal personal property of David Chapman. Chapman testified that the store owned the money, but that it was under his care, custody and control, and that he was responsible for it. It is not necessary that the person from whom the property is taken be the owner. It is sufficient that the person have actual control, care and management of the property. Rinehart v. State, 463 S.W.2d 216 (Tex.Cr.App.1971); Armstrong v. State,

120 Tex.Cr.R. 526, 46 S.W.2d 987 (1932). Appellant's third ground of error is overruled.

■ Appellant maintains in his fourth ground of error that evidence of a prior conviction, offered for enhancement purposes, was improperly certified. The record reflects that in support of its allegation of a prior conviction, the State introduced from the records of the Texas Department of Corrections a certified copy of the judgment and sentence together with fingerprint and photograph records. A fingerprint examiner testified that the fingerprints contained in the records were identical with those of appellant. This method of proof was proper. e. g., Miller v. State, 472 S.W.2d 269 (Tex.Cr.App. 1971); Rinehart v. State, 463 S.W.2d 216 (Tex.Cr.App.1971); Johnson v. State, 435 S.W.2d 512 (Tex.Cr.App.1969); Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App.1968); Davis v. State, 167 Tex.Cr.R. 524, 321 S. W.2d 873 (1959).

■ Appellant also asserts that the copies of the judgment and sentence in the prior proceeding were inadmissible because they do not bear the signature of the presiding judge. This Court has held that such failure does not render the convictions void for enhancement purposes. Rose v. State, 470 S.W.2d 198 (Tex.Cr. App.1971); Gutierrez v. State, 456 S.W.2d 84 (Tex.Cr.App.1970); McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521 (1956) cert. denied, 352 U.S. 902, 77 S.Ct. 268, 1 L.Ed.2d 114, reh. denied, 352 U.S. 955, 77 S.Ct. 324, 1 L.Ed.2d 245, petition dismissed, 354 U.S. 936, 77 S.Ct. 1405, 1 L.Ed.2d 1536. Appellant's fourth ground of error is overruled.

The judgment is affirmed.