**Porfirio Rocha ARMENDARES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44774.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Dennis E. Hendrix, Edinburg (On appeal), for appellant.

Oscar B. McInnis, Dist. Atty., Cornelius B. Marsh, IV, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary of an automobile with the intent to commit theft with two prior noncapital convictions alleged for enhancement; the punishment, life.

Appellant's sole ground of error on appeal was that in one of the prior convictions alleged for enhancement (Cause No. 8,512 in the 92nd District Court of Hidalgo County), the trial court did not comply with the terms of Article 494, Vernon's Ann. C.C.P., then in effect, (now Article 26.04 (b), V.A.C.C.P.) in that he did not waive in writing the ten (10) days allowed for preparation for trial. The State contends that such failure does not render the conviction void or subject to collateral attack and did not render the same inadmissible for enhancement purposes.

In Rinehart v. State, 463 S.W.2d 216, appellant also sought to invalidate a prior

conviction used for enhancement. Therein we said:

"While the requirements of Article 26.04 [then Article 494], V.A.C.C.P., have been held to be mandatory and a failure to comply calling for reversal on direct appeal, it has also been held that in the absence of a request for additional time or a showing of harm or injury an accused may not collaterally attack a prior conviction for non-compliance with such statute."

No such request or harm is shown. Young v. State, 448 S.W.2d 484; Ruiz v. Beto, 433 F.2d 1368.

We, therefore, find ourselves in agreement with the State that the conviction in question was admissible for enhancement purposes.

The judgment of the trial court is affirmed.