Elbert Eugene POINTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56624.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 7, 1979.

John Cutler, Houston, for appellant.

Carol S. Vance, Dist. Atty., Pat McKenna and Larry Knapp, Asst. Dist. Attys., Houston, for the State.

Before ONION, PHILLIPS and TOM G. DAVIS, JJ., and KEITH, C.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was charged by complaint and information with the offense of attempted theft of property of the value of over twenty dollars and under two hundred dollars. The jury assessed his punishment at confinement in jail for thirty days which was probated for six months and a fine of two hundred dollars which was not probated.

The property was alleged to consist of two roosters belonging to Asper Joe Caruso, and the testimony showed conclusively that such roosters were fighting cocks which were bred and raised for sale to individuals who utilized such roosters in cockfighting in Louisiana or in Mexico.

Caruso testified at length that the market value of his roosters was from fifty to a hundred dollars each; that they were not bred for any purpose other than to fight "to the death". He readily admitted that his roosters were not raised for meat production and that the game hens were not kept for meat or egg production. Caruso also admitted that the supermarket price of a five pound rooster would be approximately two dollars; but appellant's counsel was unable to shake Caruso's testimony that his game roosters were worth from fifty to one hundred dollars each.

Appellant contends that it was error for the trial court to permit Caruso to testify as to the present market value of the chickens on their "ability to commit an illegal act, to-wit, to fight other chickens at promoted game cock fights." The contention was

properly preserved in the trial court but we find it has no merit.[1]

A similar contention has been rejected by this Court in several cases involving slot machines, the first of which was *Bryant v. State*, 129 Tex.Cr.R. 438, 87 S.W.2d 722 (1935). After considering out of state holdings and recognizing a conflict therein, the Court concluded:

"We are of the opinion that a private citizen who has without authority invaded the premises of another and taken therefrom any article belonging to such other person, without his consent and with intent to appropriate it to his own use and benefit, has small ground upon which to claim that the party in possession can not legally hold or use same, and that therefore the taker may appropriate same to his own use and benefit."

*Bryant*, supra, has been followed in *Smitham v. State*, 129 Tex.Cr.R. 473, 87 S.W.2d 724 (1935); and *Fincher v. State*, 130 Tex. Cr.R. 470, 95 S.W.2d 131 (1936).

Indeed, the holding in *Bryant* is in accord with the majority rule prevailing in this country. See, e. g., Annotation, 51 A.L. R.2d 1396, "Gambling or lottery paraphernalia as subject of larceny, burglary, or robbery" (1957). See also 50 Am.Jur.2d, Larceny § 60, at 227 (1970), and 52A C.J.S. Larceny § 3(5), at 420 (1968), and authorities therein cited. Ground one is overruled.

Appellant's second ground of error, submitted without supporting authority, presents the recurring problem of an attempt by the jury to split the penalty by probating the jail term and requiring payment of the fine. At the penalty hearing, the court submitted six alternate verdict forms as summarized in the margin.[2]

The jury's confusion was made known to the court in two notes which read:

"May we asses [sic] a fine and a jail term and probate the jail term only?"

*and*

"If we asses [sic] Pointer a jail term is the probation term of the same length of time as the jail term?"

The trial judge answered the first inquiry by "yes" and did not attempt to answer the second question.

Pursuant to Article 42.13, Sec. 4(b), Vernon's Ann.C.C.P. (1979), the court noted the reception of the two findings of the jury assessing the fine without probation and the imprisonment in jail with a recommendation of probation. Under the notation, while no final conviction was ordered, the court required the fine to be paid by a date certain as a condition of the probation.

The question presented is one which has sorely divided this Court in recent years. See, e. g., *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr.App.1977); *Batten v. State*, 549 S.W.2d 718 (Tex.Cr.App.1977); and, more recently, in *Franklin v. State*, 576 S.W.2d 621 (1978, not yet reported).

State's counsel, mistakenly relying upon *Taylor* and *Batten*, supra, suggests that "[t]he sentence should be reformed so that both the fine and jail time imposed are probated." For the reasons set out in *Taylor*, supra, and more recently in *Franklin*, supra, such a procedure would be impermissible.

We have no alternative but to reverse the judgment of the trial court and remand the cause, and it is so ordered.

1. The only authority cited is *City of Galveston v. O'Mara*, 146 S.W.2d 416 (Tex.Civ.App.—Galveston 1940), affirmed, 138 Tex. 16, 155 S.W.2d 912 (1941). We do not find the cited authority in point or persuasive.

2. (a) Assessment of a *fine without probation;* (b) assessment of a jail confinement without probation; (c) assessment of a fine and jail confinement without probation; (d) assessment of fine and recommendation of probation; (e) assessment of jail confinement with a recommendation of probation; and (f) assessment of a fine and jail confinement with a recommendation of probation. The jury in this case used two forms—(a) a fine of $200 without recommendation of *probation and* (e) thirty days confinement in jail with a recommendation of probation.