Affirmed and Memorandum Opinion filed October 19, 2004









Affirmed and Memorandum Opinion filed October 19,
2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00428-CR

____________

 

ROGER O’NEAL
MOSEBY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 920,607

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Roger O’Neal Moseby, appeals a
conviction for robbery on the grounds that: (1) the trial court erred by
failing to instruct the jury on the lesser-included offense of theft; and (2)
the evidence is legally and factually insufficient to support his
conviction.  Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








BACKGROUND

On August 10, 2002, Arturo Gonzalez left
his truck unattended with the motor running and entered a store.  While in the store, he saw appellant get into
the truck and back away.  Gonzalez went
outside and held onto the door of the moving truck, struggling with appellant
as appellant drove through the parking lot. 
After the truck stopped on an embankment, appellant pulled out a knife
and got out of the truck.  Gonzalez
continued to struggle with appellant. 
Gonzalez disarmed appellant, and other people helped hold appellant at
the scene until police arrived.

LESSER-INCLUDED OFFENSE

In his first issue, appellant contends the
trial court erred by failing to instruct the jury on the lesser-included
offense of theft.  Generally, a trial
court must instruct the jury on a lesser‑included offense when (1) the
lesser offense is included within the proof necessary to establish the offense
charged, and (2) some evidence exists in the record which would permit a
rational jury to find that if the defendant is guilty, he is guilty only of the
lesser offense.  See Wesbrook
v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000).  Some evidence of the lesser offense must
exist; it is not enough that the fact finder may not have believed evidence of
the greater offense.  Cantu v. State,
939 S.W.2d 627, 646 (Tex. Crim. App. 1997).

A person commits robbery “if, in the
course of committing theft as defined in Chapter 31 and with intent to obtain
or maintain control of the property, he . . . intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.”  Tex.
Penal Code § 29.02(a) (Vernon
2003).  We recognize that theft can be a
lesser‑included offense of aggravated robbery.  See Jacob v. State, 892 S.W.2d
905, 909 (Tex. Crim. App. 1995). 
Therefore, we limit our review to whether some evidence exists in the
record which would permit a rational jury to find appellant was guilty only of
theft.  In doing so, we must consider all
the evidence introduced at trial.  Penry
v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995). 








As evidence that he was guilty only of
theft, appellant relies on (1) Gonzalez’s testimony that he initiated the
struggle with appellant, (2) Gonzalez’s testimony that he continued to struggle
with appellant, and (3) a witness’s testimony that he did not see appellant use
a knife.[1]  

Gonzalez’s testimony that he initiated the
struggle and continued to struggle does not constitute evidence that he was not
placed in fear of imminent bodily injury or death.  Gonzalez testified that he was afraid of
imminent bodily injury or death when appellant used the knife, not when the
struggle was initiated.  Thus, Gonzalez’s
actions before appellant used the knife are not relevant.  As to Gonzalez’s actions after appellant used
the knife, he testified that he “figured it was going to be either my life or
[appellant’s].”  Thus, continuing to
struggle was not inconsistent with being in fear of imminent bodily injury or
death.








The witness’s testimony that he could not
identify the object used by appellant as a knife also does not constitute
evidence that Gonzalez was not placed in fear of imminent bodily injury or
death.  The witness testified that he
could not positively identify the object used by appellant as a knife.[2]  However, the witness also testified that he
was “pretty far” from the struggle, that he saw appellant make a “swinging”
motion with the object in his hand, and that he assumed appellant had a
knife.  Therefore, none of this witness’s
testimony negates Gonzalez’s testimony that appellant did use a knife.  Regardless, proof of a weapon is not
necessary in order to prove fear of imminent bodily injury or death.  See Emerson v. State, 476
S.W.2d 686, 687–88 (Tex. Crim. App. 1972) (holding that defendant’s action in
placing his hand in his pocket as though he had a gun was sufficient to produce
fear of bodily injury or death).

Because no evidence exists in the record
which would permit a rational jury to find appellant was guilty only of theft,
the trial court did not err in refusing to instruct the jury on the lesser‑included
offense of theft.  See Wesbrook,
29 S.W.3d at 113.  We overrule
appellant’s first issue.

SUFFICIENCY OF THE EVIDENCE

In his second and third issues, appellant
contends the evidence was legally and factually insufficient to support the
verdict because the State failed to prove appellant placed Gonzalez in fear of
imminent bodily injury or death.

In a legal sufficiency challenge, we view
the evidence in the light most favorable to the verdict to determine if any
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  We consider all evidence presented at trial;
however, we do not re‑weigh the evidence or substitute our judgment for
that of the fact finder.  Id.  Therefore, if any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt, we
must affirm.  McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).








In a factual sufficiency challenge, we
view all the evidence in a neutral light and determine whether (1) the evidence
supporting the verdict, when considered by itself, is too weak to support the
conviction, or (2) contrary evidence, if present, is strong enough that the
beyond‑a‑reasonable‑doubt standard could not be met.  Zuniga v. State, __ S.W.3d __, No. 539‑02,
2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004).  Although we review the fact finder’s weighing
of the evidence, and we are authorized to disagree with the fact finder’s
determination, our evaluation should not substantially intrude upon the fact
finder’s role as the sole judge of the weight and credibility given to witness
testimony.  Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000).

Gonzalez testified that he was placed in
fear of imminent bodily injury or death. 
As we discussed above, appellant did not present any contrary
evidence.  A rational fact finder could
have believed Gonzalez’s testimony and convicted appellant for robbery.  The evidence is both legally and factually
sufficient to support the conviction.  See
Zuniga, __ S.W.3d at __, 2004 WL 840786, at *7; McDuff, 939
S.W.2d at 614.  We overrule appellant’s
second and third issues.

Accordingly, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      Charles W. Seymore

Justice

 

Judgment
rendered and Memorandum Opinion filed October 19, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1]  Appellant also
claims the “jury questioned the veracity of the testimony of Mr. Gonzalez in
relation to the knife.”  However, the jury’s
indication that there was a dispute regarding a portion of the testimony does
not constitute evidence that appellant was guilty only of theft; it at most
indicates the jury may have disbelieved evidence of robbery.  Such disbelief would not entitle appellant to
an instruction on theft.  See Cantu,
939 S.W.2d at 646.  Further, after the
court reporter read that portion of the testimony back to the jury, the jury
returned a unanimous verdict that appellant was guilty of robbery.





[2]  The witness
testified as follows:

Q:         Could
you see from the window if anything that the person—the person who was trying
to steal the truck, if he had anything in his right hand?

A:         I
can’t say for sure, but I could have swore I saw something in his hand.

Q:         And
this something that you think you saw, can you give us some sort of size?  Was it something large or something small?

A:         Something
just small.  I mean, I—not large enough
to tell exactly what it could be but just, I mean, something.

. . .

Q:         Are you swearing to this jury that you
saw [appellant] with a knife?

A:         I
couldn’t really tell what was in his hand, to be honest.

Q:         Okay.  I appreciate that answer, but this is my
question.  I’m asking you, you’re a
witness in this case, you are not telling this jury at any time you saw
[appellant] with a knife?

. . .

A:         No.