## WILLIAM WALKER v. THE STATE.

*No. 6855.    Decided May 7.*

1.  A "Capital Felony" is one for which the penalty of death may be inflicted.
2.  Same.—By express provision of article 35 of the Penal Code a person who has not attained the age of seventeen years can not be punished with death for any crime, and hence as to such person an offense otherwise capital is not capital.
3.  A Special Venire is provided for in our Code only in capital cases. The accused in this case, though charged by indictment with a capital offense, had not attained the age of seventeen years. Being under age, and therefore not liable to the death penalty—the offense as to him not being capital—he was not entitled to a special venire on his trial, and the court did not err in refusing it.
4.  Murder—Evidence.—On his trial for murder the accused proposed to prove the character of the deceased as a violent and dangerous man. The evidence was properly excluded, such proof being admissible only when it has been shown that the deceased, at the time of the homicide, did some act indicating his purpose then to take the life of the accused, or do him serious bodily injury.
5.  Same.—Bill of Exception to the exclusion of evidence so indefinite as not to disclose the object and purpose of the proposed proof, will not be considered on appeal.
6.  Practice—Privilege of Counsel. — Improper and unwarranted remarks of prosecuting counsel in argument, although always reprehensible, do not constitute cause for reversal unless, under all the circumstances of the case, they were calculated to prejudice the rights of the accused.
7.  Murder—Charge of the Court.—It is a principle of the law of murder that if a person intentionally inflicts serious bodily injury upon the person of another which may result in death, although the intent to kill may not exist, the law, if the act was prompted by malice and death ensues, holds him guilty of murder. In this case the trial court charged the jury as follows: "Unless you believe from the evidence that the defendant struck the deceased with the intent to kill him, or to inflict such serious bodily injury upon him as would probably end in his death, you will acquit him." *Held*, that the charge was more favorable to the defendant than he was entitled to, and therefore not subject to exception.
8.  Same.—Aggravated Assault and Battery not being an issue raised by the proof, the court did not err in refusing a special instruction upon that issue.

APPEAL from the District Court of Colorado.    Tried below before Hon. George McCormick.

This conviction was in the first degree for the murder of Jim Walker, the penalty assessed being a life term in the penitentiary.

Stated in brief, the proof shows that the defendant and the deceased, being fellow-laborers at a gravel pit in Colorado County, had a dispute and a rock fight on the afternoon of April 23, 1889; that several hours later, while the deceased was seated at a table eating his supper, the de-

TEXAS COURT OF APPEALS REPORTS.

fendant, holding a scraper handle secreted behind him, stealthily approached the deceased from the rear, and before the deceased became aware of his proximity, dealt him two blows with the scraper handle, from the effects of which blows the deceased died two days afterward. The scraper handle was shown to be an instrument calculated to inflict serious bodily injury which might result in death. The defensive proof showed the defendant to be under seventeen years of age at the time of the killing.

*Kennon & Mansfield*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This is a second appeal by appellant to this court. His first was from the refusal of bail on his examining trial. On the appeal in that case it was agreed that appellant was guilty of murder of the first degree, but that he was under seventeen years of age when he committed the murder. It was held that murder of the first degree committed by a person under the age of seventeen years is not a capital offense under express provision of article 35 of our Penal Code, and is therefore bailable. Ex Parte Walker, *ante*, 246.

1. Upon the return of this indictment into court by the grand jury charging appellant with murder of the first degree, the district attorney declined to apply for a special *venire* in the case. When, however, the case was regularly reached on the docket and called for trial, the defendant presented a motion in writing, duly sworn to by him, for a special *venire* under the provisions of article 607 of the Code of Criminal Procedure, whereupon the district attorney stated that he admitted as a fact that defendant was under seventeen years of age when he committed the murder, and thereupon the court overruled the defendant's motion for a special *venire* upon the ground that he was not entitled to a special *venire*, the case against him not being a "capital" case.

Under our Code of Procedure special *venires* are only provided for in "capital" cases. Code Crim. Proc., art. 605. "An offense for which the highest penalty is death is a capital felony." Penal Code, art. 55. Bouvier, in his Law Dictionary, defines a capital crime as "one for which the punishment of death is inflicted."

Article 35 of our Penal Code expressly declares that "a person for an offense committed before he arrived at the age of seventeen years shall in no case be punished with death."

When the district attorney admitted that the defendant was under seventeen years of age, that was an admission that the case was not "capital," and that death could in no event be inflicted, notwithstanding he was indicted for and might be convicted of murder of the first degree. The

case was not a "capital" case, and consequently the court did not err in overruling the defendant's motion for a special *venire.* He was not entitled to one.

2. It was not error to exclude the proposed evidence offered by the defendant to the effect that the deceased was a violent and dangerous man. Such evidence is only admissible when it is shown that at the time of the homicide the deceased did some act indicating his purpose then to take the life of defendant, or do him serious bodily harm. Willson's Crim. Stats., sec. 1054. It is shown by the testimony that deceased was sitting at the table eating his supper, and that defendant slipped up behind him and inflicted the fatal blows upon him.

3. Defendant's third bill of exceptions complains that the court would not permit him to prove by witnesses that he (defendant) was of a cowardly nature. The bill of exceptions does not show the object and purpose of the proposed testimony, and is too indefinite to demand consideration. May v. The State, 25 Texas Ct. App., 117; Livar v. The State, 26 Texas Ct. App., 115; Jacobs v. The State, *ante,* 80; Willson's Crim. Stats., sec. 2368.

4. The fourth bill of exceptions was saved to remarks made by the district attorney in his argument to the jury. These remarks were improper and uncalled for. But, as explained by the learned judge in certifying the bill, it is not perceived how the matter, under the circumstances stated, was calculated to injuriously affect the rights of the defendant, and consequently the error, as made to appear, is not reversible error. Willson's Crim. Stats., sec. 2321; McGill v. The State, 25 Texas Ct. App., 499; Miller v. The State, 27 Texas Ct. App., 63.

5. Amongst other things, the court instructed the jury as follows, viz.: "Unless you believe from the evidence that the defendant struck the deceased with the intent to kill him, or to inflict such serious bodily injury upon him as would probably end in his death, you will acquit him." This charge is complained of as being erroneous. Instead of being a legitimate matter of complaint the instruction was really more favorable in law than the defendant was entitled to. "If a person intentionally inflicts serious bodily injury upon the person of another which may result in death, although the intent to kill may not exist, the law, if the act was prompted by malice and death ensues, holds him guilty of murder. * * * Indeed there are a number of cases where a killing would amount to murder, and yet the party did not intend to kill." White v. The State, 13 Texas Ct. App., 259; Harrell v. The State, Id., 374; Gillespie v. The State, Id., 415.

6. It is insisted that the court erred in refusing to give in charge to the jury the defendant's special requested instructions upon the law of aggravated assault and battery. Aggravated assault and battery, as an independent offense, was no part of the law of the case. The assault

was voluntarily committed with deliberate design, and with an instrument calculated to inflict serious bodily injury which might result in death, and which did result in death; and under such state of facts the law, as we have seen, makes the crime murder. We think the defendant's intent to inflict serious bodily injury which might probably, and which did end in death, evidently appears from the facts proved.

We have found no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.