**Michael Ray ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53654.**

Court of Criminal Appeals of Texas.

June 29, 1977.

Thomas M. Roberson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for capital murder. See V.T.C.A., Penal Code, § 19.03(a)(2). The court assessed punishment at life imprisonment.

This appeal presents questions of procedure in capital murder cases where it is undisputed that the accused was under seventeen (17) years of age at the time of the commission of the offense. The appellant contends he was denied due process of the law and the right to a fair and impartial trial when the trial judge rather than the jury assessed punishment, and that the trial judge erred in permitting the State to proceed under a capital felony indictment.

Capital murder is a capital felony. V.T.C.A., Penal Code, § 19.03(b). An individual adjudged guilty of a capital felony is punishable by confinement in the Texas De-

partment of Corrections for life or by death. V.T.C.A., Penal Code, § 12.31(a).

V.T.C.A., Penal Code, § 8.07(e), in effect at the time of the alleged offense and appellant's trial, however, provides:

"(e) No person may, in any case, be punished by death for an offense committed while he was younger than 17 years." [1]

The indictment, omitting the formal parts, alleged that the appellant on or about April 1, 1974:

"did then and there unlawfully and intentionally cause the death of Eric Siegfried, hereafter styled the Complainant, by shooting the Complainant with a gun, and the Defendant was in the course of committing and attempting to commit robbery. . . ."

At the trial it was stipulated by the appellant and the State that the appellant was sixteen (16) years of age on April 1, 1974, the date on which the alleged offense occurred. Attached to the written stipulation, approved by the court, was a certified copy of appellant's birth certificate showing that he was born on August 31, 1957. The stipulation thus established, without dispute, that the appellant was 16 years of age at the time of the commission of the alleged offense.[2]

At the time of the entrance of his plea of not guilty, appellant requested that in the event of conviction the jury assess his punishment, and in addition, he filed a motion for probation before the jury. These measures would ordinarily entitle an accused to a jury at the penalty stage of a criminal trial on a non-capital charge. See Article 37.07, Vernon's Ann.C.C.P. After the conclusion of the guilt stage of the trial, the court submitted the case to the jury charging on capital murder and felony murder (V.T.C.A., Penal Code, § 19.02), etc. After

the jury returned a verdict finding the appellant guilty of capital murder as charged in the indictment, the trial court discharged the jury and assessed punishment at life. There was no penalty stage of the trial.

Article 37.071, Vernon's Ann.C.C.P., is the applicable statute in capital murder cases. It provides in part:

"(a) Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment. The proceeding shall be conducted in the trial court before the trial jury as soon as practicable. . . ."

Article 37.071(b), (c) and (d) provide for certain issues to be submitted to the jury at the punishment hearing, the burden of proof on those issues, and the number of votes necessary for answering the issues. Article 37.071(e) requires the court to sentence the defendant to death if the jury returns affirmative findings to the issues submitted or to life imprisonment if any issue submitted is answered in the negative.

■ While V.T.C.A., Penal Code, § 12.-31(a), provides that either life or death may be assessed for a capital felony as the instant offense, V.T.C.A., Penal Code, § 8.07(e) [now § 8.07(d)], provides that the death penalty cannot be imposed upon any person who was under 17 years of age at the time of the offense. Therefore, in the instant case life imprisonment was the only punishment that could be assessed since death was removed as a possible penalty, not by the action of the prosecutor, but the clear expression of the legislative will expressed in enacting said § 8.07, supra.

1. Now see V.T.C.A., Penal Code, § 8.07(d) [Acts 1975, 64th Leg., p. 2158, ch. 693, § 24, eff. Sept. 1, 1975], which is to the same effect. See also former Article 31, Vernon's Ann.P.C., 1925.

2. The indictment was returned on September 25, 1974, after appellant's seventeenth birthday. There had previously been a certification and discretionary transfer to the District Court from the Juvenile Court, as provided in the Family Code on May 24, 1974.

While a jury is ordinarily required in all capital murder cases at the "sentencing proceeding" by virtue of the provisions of Article 37.071, supra,[3] the very purpose of the jury at such stage of the bifurcated trial is to answer the special issues submitted to them. Dependent upon the answers, the court then, not the jury, assesses the punishment. However, in the instant case it would be irrelevant what evidence would have been offered or how the jury answered the issues submitted because the only permissible punishment was imprisonment for life. To hold that a jury was required to hear evidence and answer special issues in the instant case would be to require a useless thing. The law does not require a useless thing to be done. We do not believe the Legislature intended such result.

Appellant relies upon *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976). We believe *Batten* to be distinguishable upon its facts. There an adult defendant was charged with capital murder. Prior to trial the court took the position the State had waived the death penalty since it had not filed written notice it would seek the death penalty, relying upon the provisions of Article 1.14, Vernon's Ann.C.C.P. Such statute had been amended in 1973 to eliminate the requirement of such written notice and the trial court was in error. Since the trial court no longer considered death a possible punishment, it refused to permit the defendant to exercise 15 peremptory challenges permitted in capital cases or to voir dire the prospective jurors individually apart from the entire panel. We concluded the trial court was in error. There we stated:

"We agree that in the wake of *Furman* [*v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)] the Legislature has adopted a 'category of cases' view and has adopted a mandatory procedure to be followed in capital cases where the extreme penalties of death or life imprison-

ment are involved, and that it is not possible to say, absent a clear legislative expression, that the possibility of the imposition of the death penalty was the *sole* reason the Legislature mandated the procedure to be used in capital murder cases. Under the statutory scheme adopted, the State may not waive the death penalty, but even in cases such as the instant one where such waiver has been improperly permitted, the capital case procedures, including the right to fifteen peremptory challenges, are still applicable even though the only possible penalty under the circumstances would be life imprisonment."

In the instant case the trial court granted the appellant 15 peremptory challenges and allowed the prospective jurors to be examined individually and apart from the entire panel. As earlier noted, death was removed from the instant case not by the action of the trial court or the prosecution but by expression of the legislative will enacting V.T.C.A., Penal Code, § 8.07, and the undisputed evidence of appellant's age.

■ Consequently, in construing the statutes, including V.T.C.A., Penal Code, §§ 19.03, 12.31(a), 8.07(e) (now 8.07(d)) and Articles 37.071 and 1.14, Vernon's Ann.C. C.P., we hold that where an accused is convicted of capital felony at the guilt stage of the trial and it is undisputed that he was under 17 years of age at the time of the commission of the offense,[4] a trial judge does not err in excusing the jury at the penalty stage of the trial or "sentencing proceeding" and assessing the punishment at life imprisonment since that is the only punishment that can be assessed.[5] In effect, under the circumstances the punishment was fixed by law. See and cf. *Zaragosa v. State*, 516 S.W.2d 685 (Tex.Cr.App. 1974), and cases there cited.

3. See also Article 1.14, Vernon's Ann.C.C.P.

4. If there is a factual issue as to the age of the accused at the time of the commission of the offense, a different question may be presented.

5. Where an accused is charged with capital murder and upon submission of the case to the jury the jurors acquit him of capital murder but find him guilty of felony murder, he would be entitled under the proper circumstances to have the jury assess the punishment for felony murder.

 Further, this court has recognized that an accused has no constitutional right to have a jury assess punishment. *Martin v. State,* 452 S.W.2d 481 (Tex.Cr.App.1970); *Green v. State,* 474 S.W.2d 212 (Tex.Cr.App. 1971); *Hall v. State,* 475 S.W.2d 778 (Tex. Cr.App.1972); *Emerson v. State,* 476 S.W.2d 686 (Tex.Cr.App.1972); *Johnson v. State,* 492 S.W.2d 505 (Tex.Cr.App.1973); *Hill v. State,* 493 S.W.2d 847 (Tex.Cr.App. 1973); *Jones v. State,* 502 S.W.2d 771 (Tex. Cr.App.1973); *Ex parte Giles,* 502 S.W.2d 774 (Tex.Cr.App.1973).

Appellant's initial contention is overruled.

Appellant next contends:

"The trial court committed reversible error when it allowed the state's attorney to proceed on a capital felony indictment."

Appellant takes the position that since he could not be legally executed because of V.T.C.A., Penal Code, § 8.07(e), the State should not have been allowed to proceed against him on the capital murder charge, but should have proceeded against him for non-capital murder under V.T.C.A., Penal Code, § 19.02. This question was decided adversely to appellant in *Batten v. State,* supra, where we held that the Legislature had adopted a "category of cases" view rather than a "penalty" view of the offense. Moreover, in those causes where an accused is charged with several crimes growing out of the same transaction under Article 21.24, Vernon's Ann.C.C.P., or is charged with one crime which includes lesser offenses under Article 37.09, Vernon's Ann.C.C.P., we know of no authority which would prohibit the State from seeking a conviction for the crime having the highest penalty. See, e. g., *Stephens v. State,* 522 S.W.2d 924 (Tex. Cr.App.1975).

We further observe that the trial court charged the jury both on the elements of capital murder and murder under § 19.02, supra. The court applied the law to the facts as to both offenses. By its verdict,

the jury found appellant guilty of the higher offense, capital murder. No error is shown.

Appellant's second contention is overruled.

The judgment is affirmed.

ROBERTS, Judge, dissenting.

Capital murder is capital felony. V.T. C.A., Penal Code, Sec. 19.03(b). By definition, a capital felony is one which provides death as a possible punishment;[1] in truth, it is the death penalty feature which distinguishes a capital felony from all other crimes. As the plurality said in *Woodson v. North Carolina,* 428 U.S. 280, 305, 96 S.Ct. 2978, 2992, 49 L.Ed.2d 944 (1976), "the penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two."

It follows that an indictment for capital murder is proper only where one of the possible penalties is death. Section 12.31(a), supra; *Woodson v. North Carolina,* supra. Yet the record in this case unequivocally shows that the State knew, *before appellant was indicted,* that he was sixteen years old at the time of the offense, and therefore *too young to be subjected to the death penalty.* V.T.C.A., Penal Code, Sec. 8.07(e).

Thus, it had been established, well before appellant was indicted, that death was not a possible penalty for the offense. I would hold in such a case that capital murder was not an offense "liable to indictment" under Article 20.09, Vernon's Ann.C.C.P., and, therefore, the grand jury did not have the power to inquire into a capital murder indictment in this case.[2] Once it became evident that the appellant was not yet seventeen years old at the time of the offense, the grand jury was precluded from indicting him for capital murder. Similarly, the trial judge was required to dismiss any capital murder indictment against appellant as

---

1. V.T.C.A., Penal Code, Sec. 12.31(a).

2. The greatest offenses the grand jury could consider in this case were murder, V.T.C.A.,

Penal Code, Sec. 19.02, and aggravated robbery, V.T.C.A., Penal Code, Sec. 29.03, both of which are first-degree felonies.

soon as appellant's age made itself known. *Ex Parte Davila,* 530 S.W.2d 543 (Tex.Cr.App.1975).

In *Davila,* the petitioner was imprisoned after having been convicted for the offense of statutory rape under our former Penal Code. However, his trial and conviction took place after the effective date of our present Penal Code, which lowers the age of consent—from eighteen to seventeen—for females engaging in sexual intercourse.[3] In accord with Section 6(b) of the Savings Provisions of our new Code,[4] we held that since the prosecutrix in Davila's case was between seventeen and eighteen years old, the State did not have the power to prosecute Davila after the effective date of the new Code. We held that:

"As we held in our original opinion, this case is controlled by subsection 6(b) of the Savings Provision of our new Penal Code. Under that provision, the trial court was required to dismiss the indictment as soon as it became evident that the conduct alleged was no longer an offense. Once this lack of jurisdiction manifested itself, the sufficiency of the evidence ceased to be relevant, since the indictment should have been dismissed when the evidence was presented showing the complainant to have been over seventeen years of age. [footnote omitted]" *Ex Parte Davila,* supra at 546.

In addition, I find the majority's position cannot be reconciled with several decisions of this Court under our former Penal Code which held that a person under seventeen may never be denied bail in a murder case, since such a person may not be given the death penalty.[5] *Ex Parte Enderli,* 110 Tex. Cr.R. 629, 10 S.W.2d 543 (1928); *Ex Parte Walker,* 28 Tex.App. 246, 13 S.W. 861 (1889); *Walker v. State,* 28 Tex.App. 503, 13 S.W. 860 (1890); all of these cases were cited with approval in *Ex Parte Contella,* 485 S.W.2d 910 (Tex.Cr.App.1972), where we held that bail could not be denied in a capital case under our former law after the Supreme Court's decision in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

In *Ex Parte Walker,* supra, 28 Tex.App. at 247, 13 S.W. at 861, the court held: "But a person who commits murder in the first degree before he arrives at the age of 17 years cannot, under our statute, be punished capitally; that is, with death. . . . As to him the punishment cannot be death, and his offense is not, therefore, a capital one; for an offense is not capital which may not be punished with death. This statute abolishes capital punishment in all cases where the offender has not, at the time of the commission of the offense, arrived at the age of 17 years."

And in *Ex Parte Adams,* 383 S.W.2d 596, 597 (Tex.Cr.App.1964), this Court held that "when proof was made that relator was under seventeen years of age when the offense was committed, the case pending against him was no longer a capital case and he could waive a trial by jury and enter his plea of guilty before the court."

It follows that the grand jury in this case did not have the power to present, and the trial court did not have the power to try, this capital murder indictment against appellant. Accordingly, I would hold that the grand jury, and subsequently the trial court, erred by entertaining this indictment for capital murder.

This error was compounded when appellant was denied his statutory right to trial by jury on the issue of his punishment. See Art. 37.07, Vernon's Ann.C.C.P. Of course, had appellant been indicted for a non-capital felony, he could not have been deprived

---

3. V.T.C.A, Penal Code, Section 21.09(a).

4. Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 6(b) provides in part:

"(b) . . . . If, on the effective date of this Act, a criminal action is pending for conduct that was an offense under the laws repealed by this Act and that does not constitute an offense under this Act, the action is dismissed on the effective date of this Act."

5. Like Section 8.07(e) of our present Code, Article 31 of the 1925 Penal Code prohibited the infliction of the death penalty on any person who was younger than seventeen years old at the time of the offense.

of this right, since he filed a timely and proper motion requesting that the jury assess punishment. Art. 37.07, supra; *Gibson v. State,* 549 S.W.2d 741, 742 (Tex.Cr.App. 1977), and authorities there cited.

I would therefore reverse the judgment and order that the prosecution under this indictment be dismissed.

PHILLIPS, J., joins in this dissent.