**Michael CAMMON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–232–CR.**

Court of Appeals of Texas, Corpus Christi.

May 10, 1984.

846

Frank Garza, Ricardo Laurel, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a capital murder case. Appellant, a sixteen year old, was tried by a jury and found guilty of the murder of Natalie Herold. Prior to trial, appellant was certified as an adult and, upon being found guilty of capital murder, was given the mandatory sentence of life imprisonment.

Appellant asserts as his first ground of error on appeal that the trial court erred in admitting into evidence appellant's written statement because it was not given knowingly, intelligently and voluntarily but was the product of coercion. The statement of which appellant complains is a written statement in which appellant confesses to having robbed and beaten Natalie Herold.

TEX.FAM.CODE ANN. sec. 51.09(b) (Vernon Supp. 1975–1983) provides that juveniles must be given specific warnings before their statements are admissible. The requirements which must be met are, as follows:

"(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

(1) when the child is in a detention facility or other place of confinement or in the custody of an officer, the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:

(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;

(B) he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;

(C) if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;

(D) he has the right to terminate the interview at any time;

(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and

(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.

The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights."

In order to determine whether appellant's confession was given voluntarily, a review of the facts surrounding appellant's apprehension is necessary. In the early evening of February 17, 1982, appellant was arrested at the Sheraton Marina Hotel where he was employed part-time. Officer U.B. Alvarado testified that appellant was given *Miranda* warnings by Officer J. Paul Rivera outside the hotel that evening. Appellant was taken before Municipal Judge J.A. Gonzalez who read him his constitutional rights and warnings under the Family Code and asked appellant if he understood each phase of the warnings. He was booked and then taken to one of the major crimes rooms for interrogation where he was again given warnings by Rivera. Within ten to fifteen minutes, Alvarado testified that appellant agreed to give police officers a statement. Alvarado testified that he took appellant's statement, read it back to him, then had the statement typed. Alvarado indicated that the time period from appellant's arrest to receipt of his statement took approximately 45 minutes. It took an additional hour or more to have the statement typed. Alvarado testified he gave appellant the typed statement, which the appellant read. The statement was not reread to appellant this time. The statement included the *Miranda* warnings. Appellant was then taken before Judge Gonzalez. He met privately with the judge but did not sign the statement at that time. Appellant was then taken from the courtroom. The testimony of Judge Gonzalez and Officer Alvarado conflict in some degree at this point. Judge Gonzalez testified that the officers asked him to wait around for a few minutes. The magistrate indicated he had no conversation with Officer Alvarado regarding why appellant had not signed the statement, while Officer Alvarado said he explained to the judge that appellant had told him that he did not sign because he believed that the judge told him he would not be appointed an attorney at trial. A few minutes later, the appellant was returned to the courtroom. The appellant then signed the statement outside the presence of everyone but Judge Gonzalez.

Judge Gonzalez testified that he believed appellant understood the warnings and rights which were read to him. He described appellant as "a pretty smart youngster." He testified that, after first refusing to sign, appellant came back five minutes later and signed the confession. Judge Gonzalez testified that he was certain that appellant had voluntarily signed and had not been coerced by anyone.

The appellant, on the other hand, testified that his statement was not voluntarily given. The rights read to him were different than the rights Alvarado testified reading to him on the night in question. He claimed that he told Alvarado one thing, that Alvarado wrote something else down on the paper. He was afraid that he was going to be hit by Alvarado. He testified that he signed the statement because he believed that the officers would continue to take him back to the judge until he signed it. He said that the statement twisted the facts that he told police. He further testified that the warnings he received were incomplete because he was not apprised that he could be appointed an attorney at no cost to him, among other things. Appellant testified that the judge did not ask him if he was signing the confession of his own free will. The warnings given by Judge Gonzalez, as well as the judge's certification that appellant was knowingly and voluntarily waiving his rights, were admitted as state's exhibits.

■ To determine whether a child has knowingly and intelligently waived the privilege against self-incrimination, the

Court uses the "totality of circumstances" test. *Darden v. State*, 629 S.W.2d 46 (Tex. Cr.App.1982). Appellant was read his rights by the officer upon his initial arrest. He was given warnings when he appeared initially before the magistrate. He was again warned before making his oral statement in front of the officers. He was questioned alone by the magistrate in compliance with sec. 51.09(b)(F) of the Family Code. He was described by the magistrate as being a smart young man. The fact that he was initially reluctant when taken before the magistrate does not necessarily mean that the confession was involuntary or coerced. *See In re J.R.C.*, 593 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1979, no writ). The statutory procedural safeguards were complied with by the police and magistrate. Appellant was taken into custody at 6:30 p.m., but did not sign the confession until 10:37 p.m. This is not such a lengthy period of time as to suggest coerciveness. *See Darden v. State*, 629 S.W.2d 46 (Tex.Cr.App.1982). Neither does the fact that appellant was questioned without an attorney or family member present show that the confession was involuntary, since it does not appear from the record that appellant had requested either. *In the Interest of R.D.*, 627 S.W.2d 803 (Tex.App.—Tyler 1982, no writ).

■ The trial judge at the *Jackson v. Denno* hearing is the sole judge of the credibility of the witnesses. He may choose to believe or disbelieve any of the testimony of the witnesses. *Hughes v. State*, 562 S.W.2d 857 (Tex.Cr.App.1978). Here, the evidence raised issues of sufficiency of warnings and coercion on the part of those who interrogated appellant. The judge heard the evidence and determined that the confession was voluntarily made.

■ We conclude that under the totality of circumstances, the evidence supports the finding that appellant's confession was freely and voluntarily given after he was apprised of his rights.

Appellant's first ground of error is overruled.

Appellant alleges in his second ground that it was error for the trial court to admit several items into evidence which were obtained as a result of a search of appellant's home. This search was conducted after obtaining a consent to search form executed by appellant's mother. Appellant claims this consent was not freely or voluntarily given by appellant's mother. He argues that his mother should have been informed for what purposes the evidence would be used.

■ The State, when relying on a consent to search form must produce clear and convincing evidence that the consent was voluntarily given. *Paulus v. State*, 633 S.W.2d 827 (Tex.Cr.App.1982) (opinion on rehearing); *Martin v. State*, 610 S.W.2d 491 (Tex.Cr.App.1980). A parent may give a valid consent to search premises, and evidence discovered may be admissible against the child. A third party has authority to consent to a search when he has equal control over and equal use of the premises being searched. *Swink v. State*, 617 S.W.2d 203 (Tex.Cr.App.1981). In determining whether the consent was voluntary, the totality of circumstances test is again applied. *Rumbaugh v. State*, 629 S.W.2d 747 (Tex.Cr.App.1982).

■ Mrs. Cammon testified that she was a 44-year-old woman with an eleventh grade education. She said that, in response to a telephone call from police, she told them she found a silver chest beneath her son's bed and requested that the police pick it up. They arrived at the house on John St. and asked Mrs. Cammon to sign a consent to search form. She conceded that she signed voluntarily, but said that she did not actually read the form. She further testified that, at the time she signed the consent, she thought the police were investigating a burglary rather than a homicide. At one point during her testimony, she indicated that she would not have signed had she known the investigation was for a homicide. She later indicated that she probably would have allowed the search because the police would have eventually found the specific items anyway.

Officer Rivera testified that the first time he arrived at the Cammon residence he told her that he was investigating a homicide and that her son was a possible suspect in that homicide. He later testified that Sergeant Alvarado had told her that in his presence. Sergeant Eddie Garza testified that they informed Mrs. Cammon at her home that they were investigating a homicide, and she responded that she already knew about it.

The officers did not appear to have coerced or threatened her nor shown any claim of authority. Considering the totality of circumstances, we hold that it was not improper for the trial court to find that Mrs. Cammon's consent to search was fully and voluntarily given. Appellant's second ground is overruled.

 In appellant's third ground of error, he claims the trial court erred in not granting appellant's motion for mistrial because of the State's prejudicial jury argument in which the prosecutor referred to appellant as an "animal." The appellant's attorney's objection to the prosecutor's comment was sustained by the trial judge, and the court then instructed the jury to disregard the prosecutor's remark. Generally, an instruction to disregard will cure error caused by improper jury argument, unless the remark is so inflammatory that the prejudicial effect of having made such a remark cannot be removed from the minds of the jury. *Garza v. State*, 622 S.W.2d 85 (Tex.Cr.App.1980). The Court of Criminal Appeals has held an instruction such as the one given in the case at bar sufficient to cure error in similar prosecutorial arguments. *Howard v. State*, 453 S.W.2d 153 (Tex.Cr.App.1970). We hold that the instruction given by the court was sufficient to cure any error in the prosecutor's remarks. Appellant's third ground of error is overruled.

 In appellant's fourth ground of error, he again alleges error in jury argument. The argument he complains of concerns the appellant's juvenile record. The argument of counsel was, as follows:

"That's why it was asked, it was asked because the answer was yes—excuse me, it was no, he had never been convicted. But let me tell you, Ladies and Gentlemen, that is no help to you because he is a juvenile and a juvenile cannot be convicted of a felony or a misdemeanor involving moral turpitude unless he's been certified."

On direct examination by his counsel, appellant was asked whether he had ever been convicted of a felony or a misdemeanor. His response was that he had not. Appellant's objection to the State's argument was ultimately sustained by the trial court. It appears from the record that the jury was not informed of the court's ruling. Regardless, no motion to disregard was made by the appellant, nor did appellant request a mistrial. By failing to ask for an instruction to disregard, counsel waives the error, if any. The alleged error committed is the type which would have been cured by an instruction. *See Romo v. State*, 631 S.W.2d 504 (Tex.Cr.App.1982); *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974). Here, it appears that the prosecution argued an area of law which was neither contrary to the court's charge nor included in the court's charge. The prosecutor did not bring before the jury any prior juvenile offense. He commented on the fact that the impact of appellant's statement that he had never committed a crime of moral turpitude was diminished by the impossibility of such a crime being committed by a juvenile not certified as an adult. An attorney has the right to explain evidentiary problems, issues and circumstances in a case. *Robillard v. State*, 641 S.W.2d 910 (Tex.Cr.App.1982). While appellant argues that the implication of this argument was that appellant had committed other crimes, the argument was in response to a question asked by appellant's counsel. This argument, under the circumstances, was proper.

Even if it was error for the prosecutor to argue law not included in the charge, it would not be characterized as reversible error because the argument was responsive to a statement made by appellant's counsel,

not preserved, and could have been cured by an instruction properly requested.

The fourth ground of error is overruled.

 Appellant, in his fifth ground of error, claims he was denied due process and equal protection of law by being indicted for capital murder rather than murder. He claims that because he is a juvenile who was certified as an adult, the fact that a judge must automatically impose a life sentence after a finding of guilt, denied him due process and equal protection of the law.

TEX.PENAL CODE ANN. sec. 8.07(d) provides:

> "No person may, in any case, be punished by death for an offense committed while he was younger than 17 years."

TEX.PENAL CODE ANN. sec. 12.31(a) is as follows:

> "(a) An individual adjudged guilty of a capital felony shall be punished by confinement in the Texas Department of Corrections for life or by death."

An accused under 17 years of age convicted of capital murder cannot be punished by death. *Beck v. State*, 648 S.W.2d 7 (Tex.Cr.App.1983). The Court of Criminal Appeals in *Allen v. State*, 552 S.W.2d 843, 846 (Tex.Cr.App.1977) wrote:

> "Consequently, in construing the statutes, including V.T.C.A., Penal Code, 19.-03, 12.31(a), 8.07(e) (now 8.07(d)) and Articles 37.071 and 114, Vernon's Ann.C. C.P., we hold that where an accused is convicted of capital felony at the guilt stage of the trial and it is undisputed that he was under 17 years of age at the time of the commission of the offense, a trial judge does not err in excusing the jury at the penalty stage of the trial or 'sentencing proceeding' and assessing the punishment at life imprisonment since that is the only punishment that can be assessed. In effect, under the circumstances the punishment was fixed by law. See and cf. *Zaragosa v. State*, 516 S.W.2d 685 (Tex.Cr.App.1974), and cases there cited."

The Court of Criminal Appeals has recognized on numerous occasions that an accused has no constitutional right to have a jury assess his punishment. *Allen v. State*, 552 S.W.2d at 847; *Martin v. State*, 452 S.W.2d 481 (Tex.Cr.App.1971). The appellant was not denied due process or equal protection by the action of the trial court in assessing punishment. The trial court properly followed the law. Appellant's fifth ground of error is overruled.

 In appellant's sixth ground of error, he alleges that the Order Waiving Jurisdiction is invalid because it does not state that the juvenile was charged with committing any particular crime other than the general allegation of a felony.

TEX.FAM.CODE sec. 54.02(h) (Vernon 1975) requires that:

> "(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

This section of the Family Code does not require that the order waiving jurisdiction set forth the "specific felony" committed. TEX.FAM.CODE sec. 53.04(d)(1) (Vernon 1975) states that the petition for an adjudication or transfer hearing must contain:

> "(1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts;"

Here, the petition gives notice of the felony allegedly committed by appellant. It alleges that appellant violated section 19.03 of the Penal Code by intentionally causing the death of Natalie Herold while in the course of attempting to commit burglary in Nuec-

es County, Texas. We hold that the order waiving jurisdiction sufficiently complied with the requirements set forth in TEX. FAM.CODE sec. 54.02.

Appellant's sixth ground of error is overruled.

The judgment of the trial court is affirmed.