Affirmed and Opinion filed June 13, 2002









Affirmed and Opinion filed June 13, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00550-CR

____________

 

DUWAYNE MADRIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th District Court 

Galveston County, Texas

Trial Court Cause No. 00CR1855

 



 

O P I N I O N

Appellant, DuWayne Madria, was convicted by the trial court
of the felony offense of assault on a public servant.  He was sentenced to twenty-five years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant raises three points of error: (1)
the trial court denied appellant due process of law by assessing punishment;
(2) the trial court erred in admitting evidence of enhancement offenses when
the State failed to provide appellant with notice of State=s intent to prove enhancement
offenses; and (3) the evidence was legally insufficient to support appellant=s conviction.  We affirm.








I. Factual Background

At approximately 4:00 a.m. on October 21, 2000, while on
patrol, Officer Norman Keith Desormeaux was driving by Mainland Memorial
Cemetery when he observed an individual on the grounds.  He stopped his patrol car, got out, and
entered the cemetery.  Desormeaux
approached the individual, and recognized him as appellant.  Desormeaux and appellant had a short
conversation, during which Desormeaux briefly turned away from appellant.  At that time, Desormeaux was struck on the
right side of his face and jaw, causing him to lose his balance, and fall
against a tombstone.  The tombstone
toppled over, pinning him to the ground. 
Desormeaux testified that appellant ran away when he threatened to
release his canine partner.  Unable to
move the tombstone, Desormeaux radioed for help.  Officer Michael Haynes was the first to
arrive at the cemetery.  Haynes helped
Desormeaux move the tombstone off his legs and waited with him for emergency
medical services to arrive.  Appellant
was charged by indictment with the felony offense of assault on a public
servant.  Appellant waived his right to a
trial by jury and the case was tried before the judge. 

II. Due Process 








Appellant argues he was denied due process of law in the
punishment phase of his trial when the court, rather than a jury, assessed his
punishment.  Appellant correctly states
that there is no constitutional right to have a jury assess punishment.  Laird v. State, 933 S.W.2d 707, 715 (Tex.
App.CHouston [14th Dist.] 1996, pet. ref=d) (citing Allen v. State,  552 S.W.2d 843, 847 (Tex. Crim. App.
1977)).  Rather, appellant asserts his
denial of due process stems from his statutory right to have a jury assess
punishment.  Tex. Code Crim. Proc. Ann. art. 37.07, ' (2)(b) (Vernon Supp. 2002).  Article 37.07, section 2 provides that the
judge shall assess punishment except in cases when (1) the jury may recommend
probation and the defendant files a sworn motion for probation before trial begins,
and (2) the defendant so elects in writing before the commencement of voir dire
examination of the jury.  Id.   If the defendant is found guilty, he may
change his election of who will assess punishment with the consent of the
attorney representing the State.  Id.  Under the statute, it is the judge=s responsibility to assess punishment
unless the defendant requests in writing that the jury do so.  Gibson v. State, 549 S.W.2d 741, 742
(Tex. Crim. App. 1977).  A defendant=s failure to file an election to have
the jury assess punishment leaves the court with the responsibility.  Toney v. State, 586 S.W.2d 856, 858
(Tex. Crim. App. 1979); Pine v. State, 889 S.W.2d 625, 634 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). 
The only question we ask here is whether appellant timely filed an
election.  The record shows no such
election was made.  By operation of the
Code of Criminal Procedure, the judge was left with the responsibility of
assessing punishment.  By failing to
submit such a request, the right to have a jury consider punishment was waived,
and therefore, appellant=s first point of error is overruled.  

III. Notice of State=s Intent to Prove Enhancement
Offenses

Appellant argues the trial court erred in admitting evidence
of enhancement offenses at the punishment phase because he was not given proper
notice of the State=s intent to prove enhancement offenses.  The State must give notice of its intent to
introduce evidence of an extraneous crime or bad act if the defendant has
timely requested notice.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon Supp. 2002).  Notice of intent to introduce evidence under
Article 37.07, section 3 must be given in the same manner required by Rule
404(b) of the Texas Rules of Evidence.  Id.
 The notice requirement mandates that
reasonable notice be given in advance of trial. 
Tex. R. Evid. 404(b).  Under Rule 404, however, the State=s duty to provide notice arises only
upon timely request by the defendant.  Patton
v. State, 25 S.W.3d 387, 391 n.2 (Tex. App.CAustin 2000, pet. ref=d). 
The record demonstrates appellant did timely file a request for
notice.  Therefore, the State had a duty
to provide notice.








The State included two enhancement paragraphs in appellant=s indictment.  The paragraphs indicated the State=s intention to prove at punishment
that appellant had been previously convicted of two felony offenses.  The only purpose of an enhancement allegation
in the indictment is to give a defendant notice of the prior conviction the
State relies upon so a defendant can prepare a defense.  Holt v. State, 899 S.W.2d 22, 24 (Tex.
App.CTyler 1995, no writ); Coleman v.
State, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979).  When the enhancement paragraphs provide the
correct date of conviction, county, trial court, and cause numbers  of prior convictions, appellant is provided
with proper notice.  Jones v. State,
755 S.W.2d 545, 548 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d). 
The indictment in the case at hand contained the appropriate elements
and provided appellant with timely notice of the State=s intent to prove enhancement
offenses.  Appellant received and
reviewed the indictment with counsel prior to trial.  Appellant had spoken with counsel about the
ramifications of prior convictions.  The
notice was reasonable and received well in advance of trial.  Appellant was clearly aware of State=s intent to prove enhancement
offenses and had ample opportunity to prepare a defense contesting the
evidence.  Appellant=s contention that the State failed to
comply with notice requirements is without merit.  

Appellant relies on Article 37.07, section 3(g) of the Texas
Code of Criminal Procedure to object to the introduction of appellant=s Apen packets.@ 
Appellant is mistaken in his assertion that evidence of his prior
offenses cannot be admitted at the punishment phase.  The Code of Criminal Procedure clearly
provides that after a finding of guilty, Aevidence may be offered by the state
. . . as to any matter the court deems relevant to sentencing, including . . .
the prior criminal record of the defendant . . . and . . . any other evidence
of an extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by defendant.@ 
Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1) (Vernon Supp. 2002).  Appellant=s second point of error is overruled.


IV. Sufficiency of the Evidence

Appellant contends the evidence was legally insufficient to
support his conviction for assault on Desormeaux. 








 In reviewing the legal
sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  On appeal, the same standard of review
applies to both circumstantial and direct evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  

The State must prove the accused was the perpetrator, and the
accused stands innocent before the court until his identity as the perpetrator
is proven beyond a reasonable doubt.  Rice
v. State, 801 S.W.2d 16, 17 (Tex. App.CFort Worth 1990, pet. ref=d). 
When we face a record of facts supporting conflicting inferences, we
must presume in our review that the trier of fact resolved any such conflicts
in favor of the prosecution and we must defer to that resolution.  Farris v. State, 819 S.W.2d 490, 495
(Tex. Crim. App 1990) (quoting Jackson, 443 U.S. at 326).  In a bench trial, the trial judge, as the
trier of fact, is the sole judge of the credibility of the witnesses and of the
weight to be given to their testimony, and may accept or reject any part or all
of the testimony given by any witness.  Castillo
v. State, 771 S.W.2d 239, 241 (Tex. App.CSan Antonio 1989, no writ).  

A person commits the crime of assault on a public servant if
he: (1) intentionally, knowingly, or recklessly causes bodily injury; (2) to a
person the actor knows to be a public servant; and (3) while the public servant
is lawfully discharging an official duty. 
Tex. Pen. Code Ann. ' 22.01(b)(1) (Vernon Supp.
2002).  The actor is presumed to have
known the person was a public servant if the person was wearing a distinctive
uniform or badge indicating employment as a public servant at the time.  Tex.
Pen. Code Ann. ' 22.01(d) (Vernon Supp. 2002).  








The crux of appellant=s argument is that Desormeaux did not
see who struck him.  Appellant testified
that he did not assault Desormeaux, and denied that he was the individual in
the cemetery or that he had any involvement in the incident.  Appellant testified that he was elsewhere
when the incident occurred, but there was no evidence other than his testimony
to support this assertion.  Desormeaux
testified that appellant and he were alone in the cemetery, and appellant was
the one who struck him.  Desormeaux was
familiar with appellant from previous encounters, and recognized him
immediately.  Desormeaux was on duty,
driving a patrol car, and dressed in a Hitchcock Police Department uniform that
clearly identified him as an officer.  

Viewing the evidence in the light most favorable to the
prosecution, we conclude a rational trier of fact could have found beyond a
reasonable doubt all essential elements of the offense of assault on a public
servant.  The evidence is legally
sufficient to support appellant=s conviction.  
Therefore, appellant=s third point of error is overruled

V.  Conclusion 

We affirm the judgment of the trial court. 

 

/s/        John S. Anderson

Justice

 

 

Judgment rendered
and Opinion filed June 13, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).